## Lewis v. Lewis.

(Decided May 23, 1922.)

### Appeal from McCracken Circuit Court.

Divorce—Agreement Settling Alimony.—Where parties to a divorce suit enter into a written agreement settling a claim for alimony of the wife by giving her certain named property on condition that she have the attachment discharged and allow the husband to take all his other property, free from her claim for alimony and maintenance, and the further consideration that she pay to him a named sum of money, is binding upon them even though no divorce is obtained in that action, and the husband after conveying the property by deed of general warranty to the wife in pursuance to said agreement and judgment entered in accordance therewith, is not entitled in a subsequent action to have the property restored to him as provided in section 425 of the Civil Code and section 2121, Kentucky Statutes, as obtained by the wife from him through and by reason of the marriage relation.

EATON & BOYD for appellant.

ALEXANDER & MIDDLETON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The parties to this action were married in 1896, and lived together thereafter until January, 1914, when the appellee left their home, and on the 17th of that month instituted an action in the McCracken circuit court against appellant W. J. Lewis for divorce and $10,000.00 alimony. As an incident to the said action she sued out a general order of attachment against all the property and effects of her husband and this was levied upon the house

and lot in which they lived and which belonged to him, and upon the household furniture and fixtures and all other property, including a garnishment of his bank account. After the service of the process and while the wife was living away from their home, he employed two lawyers and met her and her lawyers and entered into a compromise agreement evidenced by a writing of the following terms:

"It is agreed by and between the parties to this action that for the purpose of settling the question of alimony in this case as between the parties, that the defendant is to give to the plaintiff the house and lot situated at 1008 Trimble St., absolutely free of encumbrance, and make deed to same to her, also all household and kitchen furniture now in said house and everything in said house except his personal effects, and Mrs. Lewis is to pay defendant $100.00, one hundred dollars on the 22nd day of January, 1914, and fifty dollars within six months from this date, the fifty dollars to bear interest from date until paid, and the defendant is to be allowed to use the stable on the property at 1008 Trimble Street for a reasonable time, say three months, to store his 'merry-go-round' in and to keep his horse and buggy in, and the sheriff it is agreed may at once return the attachment levied in this action. It being also further understood that W. J. Lewis is to pay the costs of this action, including an attorney fee to the attorneys of plaintiff for $250.00, and this is to be filed as the agreed judgment of the court in full of alimony and maintenance of plaintiff against the defendant.

"This the 20th day of January, 1914.

"EUGENIA G. LEWIS
"W. J. LEWIS."

This writing was at once filed in the action in the McCracken circuit court and judgment entered in accordance therewith. Very soon thereafter the parties to the action began to cohabit at their old home and continued to so live until May 14th, at which time appellant W. J. Lewis executed and delivered to appellee Eugenia G. Lewis a general warranty deed to the house and lot in which they lived together with all the household furniture therein, according to the agreement above copied, and it was duly recorded in the office of the clerk of the McCracken county court on the same day. Although there was nothing said about whether the divorce action should

or not be prosecuted nor about whether the parties should live together, they did continue to live together as husband and wife until 1918. No divorce was granted in the said action filed in January, 1914, but a decree was entered adjudging her the owner of the property described in the written agreement, and requiring him to pay the costs and attorney fees, and she to pay him $150.00 in consideration of the transfer. That part of the action seeking divorce was dismissed. Neither party appealed, and that judgment is in full force and effect.

In 1918, the parties separated again, he leaving home this time, and she again sued him for divorce, alleging drunkenness, cruel and inhuman treatment and other causes, and on the preparation of the case was granted an absolute divorce. There was no order made directing the restoration of property obtained by either of the parties from the other by reason of the marriage relation. On November 30, 1920, this action was instituted by the husband against the wife, praying a cancellation of the deed made by him to her for the house and lot and household goods and asking that the said property be restored to him, and for his costs and all proper relief. In the petition it is averred that the property was conveyed by Lewis to his wife in consideration of a reconcilation and that she would return to and live with him as his wife and that there was no other consideration for the conveyance; that said property was conveyed to the wife and she obtained it from appellant through and by reason of the marriage relation existing between them at the date of the deed; that they were living together as husband and wife at the time of the execution of the deed. The appellee in her answer admitted that the property was conveyed to her by her husband at the time and for the consideration recited in the deed, but she denied that they were living together at the time the agreement was made whereby she was to have the property, and the attachment was to be discharged and he relieved from further liability for alimony and maintenance. Appellant Lewis testified in substance that he and appellee were married in 1896, and lived together continuously up to January, 1914, when she left him and soon thereafter commenced the first action for divorce and sued out the attachment against his property; that he made the agreement with her to give her the property on condition that she would allow the attachment discharged and would not further prosecute her cause for alimony and

maintenance; that they were not living together at the time of said agreement nor at the time of the entry of the said judgment but were residing together as husband and wife at the time of the execution of the deed on May 14, 1914, and continued so to reside until some time in 1918, at which time she made him leave home and again sued him and obtained in this second action an absolute divorce. He introduced one or two witnesses who testified in substance that appellant and appellee were living together in May, 1914, at the time the deed was made. She did not testify nor offer any evidence.

The circuit court dismissed appellant's action and adjudged him to pay the cost, and he appeals.

The sole question for our determination is, whether the conveyance made by appellant to appellee of the house and lot and household goods was one obtained directly or indirectly from him in consideration of, or by reason of, the marriage. If it was so obtained she must restore it to him according to provision of section 425 of the Civil Code, and section 2121 Kentucky Statutes. We do not, however, regard the conveyance as obtained by her from him in consideration of or by reason of the marriage, but we think the conveyance was upon and for a valuable consideration. It must be remembered that the parties separated on or before January 17, 1914, for she commenced her first action against him for divorce and alimony on that date. His property was attached and he was very anxious to get it released. She claimed $10,-000.00 alimony. That was about the extent of his property. His bank account was not available and he therefore asked for a compromise, and under the advice and with the assistance of two reputable lawyers of his own selection, he called at the law offices of counsel for his wife, and they entered into the written agreement copied above whereby he agreed to give her the house and lot and household goods in consideration that she should release the attachment which would render his bank account and other property available. Nothing was said about the prosecution of the divorce suit to judgment nor about whether they should live together, but from the nature of the agreement and the averments of the pleading it reasonably appears that the parties did not intend to live together thereafter. This agreement was entered into three days after the bringing of the action and was embodied in the judgment of the McCracken circuit court,

which held her to be the owner of the house and lot and the household furniture as set out in the agreement. The divorce proceeding was not further prosecuted but finally dismissed. After judgment was entered the parties again lived together, and on May 14th following he executed to her; in pursuance to said agreement and judgment, a general warranty deed for the real and personal property described in the agreement. At that time it is stated they were living together and that appears to be the fact, but this deed was made in pursuance to the written agreement and judgment of the McCracken circuit court made and entered at a time when the parties were not living together but had a good faith controversy in which she claimed $10,000.00 alimony and maintenance and had his property to that extent attached. When the deed was made on May 14th, in pursuance to the agreement and judgment of January 20th, it related back to and took effect as of that date. The release of the attachment was a valuable consideration, so was the undertaking on her part to accept as alimony a certain part of his property of much less value than $10,000.00 and release all other property. In addition to that she paid him $150.00 as consideration for the conveyance, and this he accepted and converted to his own use. When she sued him in 1918 for absolute divorce he had the opportunity to but did not ask the court to restore the property now in controversy. He was not entitled to such relief. While this court has ever been very careful to enforce the statute and Code provisions requiring restoration of property by one divorcee obtained through or from the other by reason of the marriage relation, we have never gone to the extent of exacting this where the conveyance was made by one of the parties to the other for a valuable consideration entirely independent of the marriage relation 'hough made during the continuation of the marriage relation. We have held in several cases that where the property was conveyed to the wife by the husband in settlement of property rights after separation or in contemplation of separation, no restoration should be made under section 425 of the Civil Code and section 2121 of the Kentucky Statutes. Johnson v. Johnson, 96 Ky. 391; Bennett v. Bennett, 95 Ky. 546.

There appearing no error to the prejudice of the appellant, the judgment is affirmed.