## Keeling v. Keeling.

Feb. 27, 1945.

C. C. Grasham for appellant.

Roy G. Garrison for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant and appellee, residents of Paducah, Kentucky, were married on June 27, 1936, in Metropolis, Illinois, when he was 20 years of age and she was 16. They kept the marriage secret until some time in 1938 when they rented a 2-room cottage just outside the corporate limits of Paducah, where they lived until they separated in October, 1943. On October 30, 1943, Mrs. Keeling brought an action for divorce against her husband on the ground of cruel and inhuman treatment, and asked for alimony in the sum of $4,500. In his answer the defendant denied the charges of cruel and inhuman treatment on his part, and in a counterclaim sought an absolute divorce from the plaintiff on the ground of adultery and such lewd and lascivious conduct on her part as to prove her to be unchaste. In her reply she denied this charge, and charged the defendant with a like offense. A large amount of proof was taken, and, on submission of the case, the court adjudged that neither the plaintiff on her petition nor the defendant on his counterclaim was entitled to an absolute divorce, but adjudged that each be divorced from the other from bed and board. It was further adjudged that the plaintiff recover from the defendant $700 and the electric refrigerator and radio mentioned in the evidence. Each party was required to pay his or her own costs, including attorneys' fees. The defendant has appealed. He insists that the evidence shows conclusively that appellee was guilty of such lewd and lascivious conduct as to prove her to be unchaste, and that the court erred in refusing to grant him an absolute divorce and in awarding appellee any sum in alimony.

Neither of the parties owned any property when they began housekeeping, and apparently they lived happily for about two years. Mrs. Keeling kept house and for awhile did house work for Mrs. Ella Mae Hughes, a neighbor, for $3 a week. In 1940 she obtained employment at the plant of the Fergerson Company in

Paducah, and at the time of the separation was engaged in defense work and was earning $33 a week. Appellant's earnings increased rapidly, and as they became more prosperous they began visiting roadhouses and other places of entertainment, usually accompanied by Mr. and Mrs. Jewell Hughes. Dissension arose because of the alleged attentions of appellant to Ella Mae Hughes, wife of Jewell Hughes, and the attention to appellee of one John Clark, superintendent of the Fergerson Company where she was employed. It would serve no useful purpose to set forth the evidence in detail, but it is sufficient to say that it clearly establishes that both appellant and appellee were guilty of serious infractions of the marriage vows and that neither was entitled to an absolute divorce.

It is argued by appellee that the evidence introduced by appellant cannot be considered, since the good character of the witnesses was not proved nor is there any certificate of any officer or a finding by the court as required by KRS 403.030. It is insisted that with the testimony of these witnesses eliminated there is no evidence of any misconduct on the part of appellee and that she is entitled to a reversal of the judgment, with directions that she be granted an absolute divorce and substantial alimony. No exceptions were filed to call the attention of the court to the incompetency of the testimony because of the failure to comply with the provisions of KRS 403.030. It follows that the testimony of appellant's witnesses may be considered. Colyer v. Colyer, 233 Ky. 752, 26 S. W. 2d 511. Many of the witnesses told fantastic stories and much of the testimony does not bear the imprint of truth, but even if it be disregarded there is sufficient evidence to deprive appellee of the right to an absolute divorce. Numerous letters written to appellee by John Clark, found in her possession and admitted by her to be genuine, are in the record, and these, along with her own testimony, show that she was not without fault. Moreover, she has not appealed from the judgment nor has she taken a cross-appeal.

Appellant complains because the court allowed alimony in the sum of $700, and Alderson v. Alderson, 240 Ky. 708, 42 S. W. 2d 928, is cited in support of his contention that any award made appellee should be payable monthly and not in a lump sum, since a decree from bed and board does not bar her dower or distributive rights

in her husband's property. As we read the judgment, the court did not award the $700 as alimony, but as a restoration of property under section 425 of the Civil Code of Practice. The proof shows that appellant owns about $5,000 worth of property, consisting of cash, government bonds, furniture, an automobile, and a truck. Appellee testified that the electric refrigerator and radio were given to her by her husband as birthday presents, and that she contributed out of her earnings substantial amounts for the purchase of the furniture and other articles. The evidence as to the total amount is not entirely satisfactory, but, after a careful consideration of the record, we think the chancellor reached a just and equitable decision under all the circumstances.

Judgment affirmed.