May 29, 1945.

# Philpot v. Philpot.

Hiram H. Owens, and S. V. Little for appellant.

G. H. Eversole for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—
Affirming.

Appellant sued appellee for an absolute divorce on the ground of cruelty. She also sought $5,000 alimony, the custody of their four year old daughter and $20 per month for her support. The appellee traversed the material allegations of the petition, and by counterclaim asked that he be awarded the custody of the infant and granted a divorce from the appellant on the ground that she had been guilty of such lewd and lascivious conduct with one Robert Hunt as proved her to be unchaste. The Chancellor dismissed the petition and granted appellee a divorce and the custody of his child. Hence, this appeal.

Appellant admitted in her testimony that appellee had never mistreated her in any way except by "fussing" at her; that he did not drink nor gamble, and it is not disputed that he was hard-working and industrious. Even her own mother stated that he had treated her well. One of appellant's witnesses characterized him as a "good boy", which seems to have been the general opinion of all who testified, except appellant, whose principal complaint was that he insisted upon having sexual intercourse with her too frequently, and that she was compelled to consent in order to induce him to buy her clothes.

In appellee's behalf five witnesses testified to having seen appellant in company with Hunt at times and places and under circumstances indicating that her relations with him transcended the Platonic. One witness testified that she saw them at night sitting on the back seat of a parked automobile, and that as she passed them appellant "ducked her head down in his lap and he put his arm around her." While we cannot say that she was proven guilty beyond a reasonable doubt, a perusal of the testimony leaves no doubt whatsoever that the child's welfare will be best secured by affirming the Chancellor's award of its custody to appellee.

One of the grounds for reversal urged is that the credibility or good character of appellee's witnesses was not certified in the manner required by KRS 403.030, the sole statement on this subject being the certificate of the notary who took the depositions that the witnesses were "known of" by her, and that "their reputation for truth and veracity is good so far as I know." However, if no attempt whatsoever had been made to comply with KRS 403.030, the testimony contained in the depositions was, nevertheless, competent in view of appellant's failure to file exceptions. Keeling v. Keeling, 299 Ky. 540, 186 S. W. 2d 18. Moreover, this court has no power to reverse a judgment granting a divorce. KRS 21.060. As before indicated, appellant was in fault, and hence, not entitled to alimony, and the welfare of the child being the paramount consideration we are not disposed to disturb what we regard as the Chancellor's correct disposition of this branch of the case.

Judgment affirmed.