## Damron v. Damron.

Dec. 11, 1945.

650

L. J. May for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—
Affirming in part, reversing in part.

Luther Damron and Sylvania Damron were married in 1916. Several children were born to the couple, but only two children, a girl 11 and a boy 6, were living with them when Mrs. Damron left her home in the early part of 1943 and moved into a small house across the road. The title to the property into which Mrs. Damron moved was held jointly by her and her husband. The parties had joint title to two other pieces of property. In July, 1943, Mrs. Damron instituted this action for divorce, charging her husband with cruel and inhuman treatment. She sought custody of the two infant children, and alimony in the sum of $10,000. Mr. Damron denied the charges made against him and sought custody of the children. He sought also to be restored to the three jointly owned pieces of property on the theory that title had been placed in his wife by reason of their marital relations. Following the filing of the reply, which was a general denial, Mrs. Damron, by verbal motion, dismissed the divorce phase of her action. In February, 1944, Mr. Damron filed an amended answer and counterclaim in which he charged that his wife had abandoned him for more than a year through no fault of his, and on that basis sought a divorce. He also charged his wife with cruel and inhuman treatment. Considerable proof was taken by both parties. The final judgment awarded Mr. Damron an absolute divorce, allowed Mrs. Damron $750, placed the custody of the children with Mr. Damron until further order of the court, directed

that Mrs. Damron was entitled to one-half the jointly owned property, and allowed her to continue living in her present home and use the furnishings which she had taken from Mr. Damron's residence until such time as the property is divided.

On his appeal Mr. Damron seeks to avoid the payment of alimony to his wife and insists that he should have been adjudged the sole owner of the jointly owned property. On her cross appeal Mrs. Damron urges that it was error to award her husband a divorce, and therefore she is entitled to a larger sum as alimony; and that she should have been awarded the custody of the children. She urges also that the allowance of $100 for the use and benefit of her attorney was insufficient.

When the Damrons were married, Mr. Damron owned a one-half interest in a business worth approximately $1,500. He taught school for a number of years after the marriage. Both parties appear to have been very industrious and at the time of their separation they had acquired considerable property. Mrs. Damron did the housework, the milking, and spent a considerable time in working in a restaurant and filling station and store which Mr. Damron owned. She also said that she helped with the farm work. She charged her husband with striking her with a flashlight while she was pregnant, with running around with other women, and with treating her in an abusive manner. She said he quit speaking to her and it was after he told her to leave that she moved across the road. Mr. Damron's story was that his wife refused to cohabit with him after the birth of their last child, though he admitted that they had cohabited several months before she left his home, that she fussed and nagged him continuously and treated him in such a manner that it was impossible for him to live with her. The record shows that both parties enjoy good moral reputations in their community. We are convinced also that a state of affairs existed in the Damron home which made it virtually impossible for the couple to live together. This presents an unfortunate situation, especially since the welfare of two infant children is involved, and since through their joint labors, over a period of more than 20 years, the Damrons had accumulated enough property to live in a comfortable manner. The Damron home appears to have been a comfortable one, with running water and bath facilities

therein, while Mrs. Damron is living in a much smaller house which is not equipped with modern conveniences other than electricity.

Unquestionably, the part of the judgment awarding Mrs. Damron a one-half interest in the jointly owned property is correct, even if it be conceded that the case of Lewis v. Lewis, 196 Ky. 701, 245 S. W. 509, is considered as authority for a contrary holding.

We have reached a different conclusion, however, on the divorce and child custody phases of the judgment. We are not of the opinion that Mr. Damron should have been awarded a divorce, but we have no power to reverse that part of the judgment. A proper ruling would have been to award the parties a divorce from bed and board. It was error also to award Mrs. Damron alimony once Mr. Damron had been granted a divorce, Philpot v. Philpot, 300 Ky. 114, 188 S. W. 2d 107; but, under our theory of the case, Mrs. Damron is entitled to an allowance for maintenance. Quinn v. Quinn, 279 Ky. 286, 130 S. W. 2d 834.

We think further that the chancellor should have awarded the custody of the children to Mrs. Damron and made an allowance for their support. Mrs. Damron appears to be a woman of good moral character, and there is no showing that she is not a proper person to have custody of the children. Unquestionably, she has been under considerable mental strain because of her home life in recent years, but it may be that she will be able to adjust herself to her new environment. True it is that Mr. Damron has a better residence and probably is in a better position to support the children in his own home, but we believe until it is shown that Mrs. Damron can not maintain a suitable home for their infant children, she should be awarded their custody, and we so direct. It is our view also that an allowance of $25 per month for the support of each child should be made to Mrs. Damron and that $25 per month should be allowed for her support. Of course, Mr. Damron should be permitted to visit the children and have them stay with him under some reasonable and practicable plan.

While the allowance of $100 to Mrs. Damron for her attorney's fee is not a large one, we are not prepared to say, in view of the size of the record and the circumstances involved, that the allowance should be increased.

Wherefore, the phases of the judgment having to do with the custody and maintenance of the children and the allowance to Mrs. Damron as alimony are reversed, with directions that they be set aside and for the entry of a judgment in conformity with this opinion. In other respects the judgment is affirmed.