Seldon NEWBY, Appellant,

v.

Minerva NEWBY, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1955.

Edward P. Roark, Delbert Eagle, Lancaster, for appellant.

Cecil C. Sanders, Lancaster, for appellee.

WADDILL, Commissioner.

The appellant, Seldon Newby, was granted an absolute divorce from appellee, Minerva Newby, on January 6, 1954. In the judgment Mr. Newby was awarded the custody of Doris, age 16, and Charles, age 14. The custody of Ellen, age 11, and Janice, age 3, was given to Mrs. Newby.

On February 13, 1954, Mr. Newby petitioned the court to grant him the custody of Ellen and Janice. After a hearing, this motion was overruled, and an order was entered continuing the custody of these two children with Mrs. Newby. This appeal is prosecuted from that order.

The chief concern of courts in this character of case is the welfare of the children. Where children of tender years are involved, courts ordinarily will not deprive the mother of their custody, unless it clearly appears that she is not a fit person to have the children. Hager v. Hager, 309 Ky. 803, 219 S.W.2d 10; Price v. Price, 306 Ky. 214, 206 S.W.2d 924; Wills v. Wills, 168 Ky. 35, 181 S.W. 619.

We find no evidence in this record that appellee is of bad moral character, or is otherwise unfit to rear her children. The only evidence showing a change of condi-

tion since the original custody order was entered, is that appellee has married Thomas Guy, and that they have moved to South Portsmouth to seek employment. However, there is no evidence that the welfare of the children is being neglected.

In awarding custody of children in a divorce action a wide discretion must be given to the Chancellor, and it is only where this discretion has been abused that this Court will interfere with his decision. Price v. Price, 306 Ky. 214, 206 S.W.2d 924. Under this record we do not entertain any doubt as to the correctness of the Chancellor's decision.

Judgment affirmed.