**Wanda Jean GAMBLIN, Appellant,**

v.

**Darold GAMBLIN, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1962.

L. B. Weir, Madisonville, for appellant.

Franklin & Franklin, Carroll S. Franklin, Madisonville, for appellee.

WILLIAMS, Judge.

The appellant, Wanda Jean Gamblin, and the appellee, Darold Gamblin, were divorced in November 1957. Custody of their two children, who were four and two years old at that time, was granted to Wanda Jean. A property settlement agreement between the parties was incorporated in the divorce judgment. Darold got a small farm and an automobile and Wanda Jean got the household furniture. In addition, Darold agreed to pay $30.00 per month for support of the children. A few months after the divorce was granted the furniture was repossessed by the seller and Darold was ordered by the court to pay its value to Wanda Jean at the rate of $20.00 per month. On several occasions Darold did not make the support payments as they came due and it became necessary to serve garnishment process upon his employer. In 1958 Wanda Jean moved the court to increase the support payments, which the court refused to do. In the meantime Darold married again and purchased a new automobile. He is obligated to pay $112.00 per month to a bank on money borrowed to purchase the automobile. In addition, he has incurred other recurring expenses occasioned by his second marriage. Wanda Jean was working at the time of the divorce, but quit because of ill health. Now, on occasion, she keeps children in her home for a fee.

This motion to increase support payments was made in 1960. In January and February of that year Darold averaged about $400.00 per month by virtue of his employment as a coal miner. One of the children was in school. The chancellor was asked to increase the support payments to $60.00 per month for each child. After considering the circumstances the chancellor increased the payments to $30.00 per month for each child. Wanda Jean now complains that that was an insufficient increase and asks that the chancellor's decision be reversed.

The determination of the amount of support is a matter which rests in the sound discretion of the chancellor. Deference is to be given the chancellor, who is presumed to have considered all the circumstances in the case and ascertained the needs of the one as well as the ability to pay of the other. His decision will not be disturbed unless it is clearly erroneous. Petrie v. Petrie, Ky., 262 S.W.2d 182; Combs v. Combs, Ky., 314 S.W.2d 689.

Had we been making the determination at the outset we possibly would have awarded a greater amount for the support of each of these children. A

father's first duty is the support of his children. They are to be given preference over new automobiles and new wives. We note that over a year has elapsed since this motion was brought before the chancellor. In the meantime conditions doubtless have changed. The second child should be in school by this time, and the overwhelming debts to which Darold subjected himself should be substantially reduced. Such being the case, it is in order to make a new motion seeking a reasonable amount for the support of the two children.

Judgment affirmed.