**Linda TAYLOR, Appellant,**

v.

**Gerald TAYLOR, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

its mother as authorized by the Chancellor. We reach this determination because of the child's extreme youth. At the present time visitation by the father should be limited to brief periods during daylight hours at a place convenient to the child's mother.

To the extent indicated herein the judgment is reversed and the case is remanded to the Allen Circuit Court with directions to enter a new judgment which is not inconsistent with this opinion.

Val A. House, Jr., Scottsville, for appellant.

Frank R. Goad, Scottsville, for appellee.

WADDILL, Commissioner.

Linda Taylor appeals from that portion of a judgment which awards $30 a month for the support of her eight month old daughter and permits her former husband, the child's father, to take the child with him one weekend each month. In seeking modification of the judgment she argues that the award is inadequate for the needs of the child and that it is not in the best interest of a child of such tender years to be separated from its mother for the length of time permitted in the judgment.

Under facts similar to those appearing in the instant case we held, in Robinson v. Robinson, Ky., 363 S.W.2d 111, that $10 a week was clearly insufficient and that an able-bodied father must pay the minimum amount necessary for the decent support of his children. While ordinarily the fixing of support for children is left to the Chancellor, it is our opinion that, under this record, the needs of this child require an award of at least $50 a month.

We also believe it is not in the best interest of the child to be separated from