**Ann CHASTAIN, Appellant,**

**v.**

**Jack CHASTAIN, Appellee.**

Court of Appeals of Kentucky.

June 10, 1966.

Rehearing Denied Sept. 23, 1966.

G. Wm. Clements, Louisville, for appellant.

Glenn L. Schilling, Louisville, for appellee.

HILL, Judge.

Appellant filed this suit for divorce, alimony and custody of three children, whose names need not be recorded here, now ten, nine, and five years of age. The two older children are boys and the youngest one is a girl. The judgment appealed from awarded appellant only the privilege of having the three children for two months during the summer. Divorce was granted appellee, a dentist, on his counterclaim. He was also awarded custody of the three children.

It is contended by appellant that she is entitled to the custody of the children and alimony.

This tragically ending marriage began the day before Christmas 1954. At that time,

appellant was employed by the Louisville Medical Depot, and appellee was a dental student. He was graduated from dental college in 1957.

The chancellor's findings of fact indicate appellant was interested in "cultural activities, particularly music"; that she was a poor housekeeper, but a fair cook; that she "is inconsistent and careless with handling the truth"; that she worked a large part of the time of their marriage, earning about $3,232 which was contributed to living expenses; that she did not believe in physical punishment of the children and allowed them considerable freedom in selecting their bedtime. It is also said in the findings of fact that: "She is an imaginative, artistic, highly intelligent person on whom the duties of raising a family obviously grate."

In the record there is inconclusive evidence that appellant once said at a party of mixed sexes that she believed in "free love." Other evidence hinted that she is an atheist although she attended church and Sunday school with the children and, in fact, took an active part in church work.

It is clear from the evidence and findings of fact that appellee is an able dentist increasing his earnings annually; that he has a "sports car hobby," which was contagious to appellant for a time; that appellee is careful with his money, so much so, in fact, that he has perhaps earned the reputation of being "stingy" and a "tightwad." During most of their married life, the parties lived in a small, modest home on Cochran Hill in Louisville, Kentucky. Appellant repeatedly complained of its insufficiency, and appellee repeatedly complained that his wife was a poor housekeeper.

According to appellee's own testimony, he did little in the way of attending to the necessary, but menial, physical needs of the children. There is evidence, however, that he played with them at times.

Appellant contended appellee was not affectionate with or considerate of her or the children as evidenced by his neglect of their living conditions; and that appellee saved about $5,000 during their marriage, which he ostensibly paid to his father for money advanced for appellee's education. Each party has found a great many faults and few merits in the other. The large record in this case is replete with real and imaginary shortcomings of these hostile litigants; but boiled down, they are insignificant and unimportant ripples that may be found in most marriages. What we are concerned with now is the best interest of the three small children, who are in no way responsible for the good or bad qualities of their parents. The supreme consideration in determining the question of custody is the welfare of the children. Cf. Newby v. Newby, Ky., 275 S.W.2d 779 (1955).

Ordinarily, unless the mother is unfit, she will be awarded the custody of small children. Cf. Preston v. Preston, 227 Ky. 561, 12 S.W.2d 751 (1929).

The determination of custody of children is perhaps the most important and difficult function of the courts. Necessarily, great weight must be given the findings of the chancellor, and his conclusions will not be disturbed except where his discretion is abused. Cf. Newby v. Newby, supra.

In the present case, we find no substantial evidence that appellant is immorally or otherwise unfit to have the custody of her three small children. Indeed, the chancellor did not find her so unfit because he awarded her custody of the children for two months during each summer. We doubt the children will find the ideal condition with either the mother or father, but it is our conclusion the mother, appellant, is entitled to their custody. Considerable time having passed since the judgment was entered by the chancellor, the amount for maintenance of appellant and the three children on remand of this case should be determined in the light of the most recent earnings of appellee and other circumstances that may bear upon the question.

Finally, appellant asserts she is entitled to alimony. The judgment granting an absolute divorce to appellee was based upon a finding by the chancellor that appellant was wholly at fault. In neither the findings of fact nor the judgment has appellant been found guilty of any moral delinquency. Appellee plead six months cruel and inhuman treatment by appellant as grounds for divorce. Under KRS 403.020, the husband is not required to allege and prove he was "without like fault," although subsection (3)(b) of this statute requires the wife to do so.

There is no specific finding by the chancellor that appellee was guilty of any fault during their marriage, but we have no difficulty in finding appellee was not without fault.

■ The general rule is that permanent alimony will not be awarded to a wife when her husband is granted a divorce because of her fault or misconduct. Cf. Damron v. Damron, 301 Ky. 649, 192 S.W.2d 473, and Humphress v. Humphress, Ky., 240 S.W.2d 625. But there are exceptions to the general rule. In Coleman v. Coleman, Ky., 269 S.W.2d 730, the wife was allowed alimony where her fault was more firmly established than in the present case. It was said in Coleman, supra: "It has also been held that if the wife is not wholly at fault and is not guilty of any moral delinquency she may be entitled to alimony although a divorce is granted to the husband."

■ The parties have accumulated little money or property during the marriage, but appellee has enjoyed a rising annual income up to the judgment. Appellant has produced and nurtured three children for appellee. In the absence of proof of immorality, we consider it inequitable that appellant be "turned out" with only eight weeks visitation with the children her sole recompense for the years and effort devoted to the marriage.

It is our conclusion appellant is entitled to a reasonable allowance of alimony based on the income of appellee, the amount of which must be left to the sound discretion of the chancellor.

In his findings of fact, the chancellor cited and relied on the authority of Donoho v. Donoho, Ky., 357 S.W.2d 665. Appellee leans heavily on the same authority. The facts of the Donoho case do not justify the application of the rule therein announced to the facts of the present case.

The judgment is reversed with directions to modify it consistent herewith.