Hazel STILLWELL (Johnson), Appellant,

v.

Bruce STILLWELL, Appellee.

Court of Appeals of Kentucky.

Oct. 27, 1967.

Robert L. Dowell, Greensburg, for appellant.

Carl Howell, Hodgenville, for appellee.

DAVIS, Commissioner.

The sole question presented in this appeal is whether the trial court abused its discretion in denying custody of three children to the appellant-mother. To avoid confusion we will refer to parties by their first names. Hazel obtained a divorce from Bruce on December 9, 1961. In the judgment in that case, she was awarded custody of the then living two young sons of the parties; she gave birth to a third son on February 7, 1962, and his custody remained with Hazel until an order entered April 24, 1965, awarded custody of all three of the children to Bruce. There was no appeal from the order awarding the custody of the children to Bruce, but in June 1966, Hazel filed her motion seeking to have custody of the children restored to her. On July 9, 1966, her motion was denied, and this appeal challenges the ruling of the trial court on that motion.

Shortly before the custody order of April 1965, Bruce undertook to visit the three children, and he asserts that he found Hazel in a compromising situation with a man called "Joe" in the presence of the children. It appears that a fight developed between Bruce and "Joe." There was some evidence that Hazel participated in that fracas, although she testified that it was a "fair fight."

In any event, Hazel and "Joe" were arrested and spent a few days in jail. It was at that time that Bruce filed his motion to have custody of the children taken from Hazel and given to him. Hazel did not appear in opposition to the custody motion, and the court awarded custody to Bruce upon the unchallenged evidence presented by Bruce and his mother.

On December 17, 1965, Hazel married one Johnson (a different individual from "Joe" who was involved in the April incident). Her present husband has a son who was six years of age when the matter was heard in 1966. The three children of Hazel and Bruce were aged eight, seven, and four at the time of the hearing on Hazel's motion for custody.

At the latter hearing Hazel explained that she had not understood that she should attend the 1965 hearing at which custody was given to Bruce. She denied any impropriety with "Joe." Hazel presented her own and other evidence reflecting her suitability as custodian for the children. Bruce presented evidence tending to prove that the children's welfare has been well served since their custody was transferred from Hazel to him by the 1965 order. There was no showing suggesting that the home provided for the children is an unsatisfactory residence. Hazel testified that one of the children suffers a congenital defect in his hand and that a series of operations to correct the condition is required. She testified that Bruce had failed to arrange for one of the operative procedures. when it was due to be performed. Bruce denied this and declared that the surgery had been put off until the end of the then current school term in accordance with the doctor's permission.

The parties to this appeal recognize the well-settled principles reflected in our decisions in custody cases but maintain that the authorities support their respective positions. It is axiomatic that the primary consideration influencing the courts in determining the question of child custody is the welfare of the child or children involved. Chastain v. Chastain, Ky., 405 S.W.2d

758. The same decision correctly notes that ordinarily the mother of small children will be awarded their custody unless she is unfit for that important responsibility.

In the case at bar, Hazel voluntarily relinquished custody of the children in 1965. Despite her denial of culpability, the chancellor was justified in believing to the contrary. The chancellor saw and heard Hazel and Bruce testify in the 1966 hearing and concluded that the best interests of the children "will be served by overruling the motion and continuing the order as heretofore made in effect."

■ We think the chancellor was eminently justified in reaching the decision in view of the attendant circumstances of this case. Doubtless, one factor influencing him was the brief interval which had elapsed since the custody had been changed. The facts that the children have fared well in the existing custodial arrangement, coupled with the undesirability of precipitate reshuffling of custody considered with Hazel's alleged misconduct, furnish adequate basis for the chancellor's decision. We are unable to say that the chancellor abused his discretion or that his decision is clearly erroneous.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, PALMORE, and STEINFELD, JJ., concur.

## CONCURRING OPINION

OSBORNE, Judge.

I concur in the results reached by the majority opinion, however, I do not agree with the method used in reaching the end result. We are becoming increasingly inclined toward the idea of examining cases of this nature as if they were being tried before us initially. If, after a full-blown examination of the facts, we perchance agree with the trial court the opinion is written affirming, casting about trite old slogans such as, "the welfare of the children is controlling," or "from the whole record the decision doesn't appear to be clearly erroneous," and others. The majority opinion herein is a fair example of all of these faults. The rule controlling these cases is that the decree awarding or denying custody will be affirmed unless there is a clear showing of an abuse of judicial discretion on the part of the chancellor. See Skidmore v. Skidmore, 261 Ky. 327, 87 S.W.2d 631; Travis v. Travis, 282 Ky. 215, 138 S.W.2d 336; Price v. Price, 306 Ky. 214, 206 S.W.2d 924; Gambin v. Gambin, Ky., 354 S.W.2d 504; DeSimone v. DeSimone, Ky., 392 S.W.2d 68; Taylor v. Taylor, Ky., 394 S.W.2d 896; Newby v. Newby, Ky., 275 S.W.2d 779; Renfro v. Renfro, Ky., 291 S.W.2d 46 and Wilkey v. Glisson, Ky., 303 S.W.2d 266.

The record herein showing no abuse of discretion, the judgment should be affirmed.