**Richard F. YADON, Appellant,**

v.

**Barbara Ann SIMPSON (formerly Yadon), Appellee.**

Court of Appeals of Kentucky.

June 27, 1969.

Rehearing Denied Oct. 31, 1969.

Blakey Helm, Louisville, for appellant.

Chris Duvall, Louisville, for appellee.

PALMORE, Judge.

The appellant, Richard F. Yadon, brought this action against his former wife, Barbara Ann Simpson, for a reduction in child support. He appeals from a judgment denying the relief sought.

The parties were married in 1959 and divorced in 1966. They had two children, who at the time of the divorce were five and three years old, respectively. Under the terms of an agreement filed and made a part of the judgment in the divorce action appellant was to pay $225 per month child support and continue life and medical insurance under his employment insurance plan.

Both parties have remarried. Appellant claims, and no doubt it is true, that following his remarriage in February of 1967 his rental payments, food expenses, and over-all living expenses have increased. He says he makes monthly payments of $122.56 on debts, most of which were incurred during his marriage to appellee; that his living expenses are now about $360 per month; and that his take-home pay comes up $150 short of his necessary monthly expenditures.

While married to appellee, appellant received wages of $465 per month from the L. & N. Railroad and worked part-time as a night clerk with a trucking line for an additional $30 to $40 per week. On the other hand, at the time of the separation agreement he was working only for the railroad company. He now earns $560 per month, which is an increase of $95 per month. So far as his debts and expenditures are concerned, the only significant new circumstance between now and then is the remarriage.

The question before this court is whether the chancellor abused his discretion in denying a reduction in child support. Concededly, that discretion is broad, and should not be lightly upset. Somerville v. Somerville, Ky., 339 S.W.2d 940 (1960).

A father's first duty is to support his children. They have preference over a new wife. Gamblin v. Gamblin, Ky., 354 S.W.2d 504 (1962). Appellant's

additional living expenses were assumed with knowledge of the prior obligation to his children. Their welfare is the primary concern of the court. We are not persuaded that the chancellor's refusal to diminish appellant's required contribution was an abuse of discretion.

The judgment is affirmed.

All concur.