**William J. GERNERT, Jr., Appellant,**

v.

**Alma Mueller GERNERT and John W. Coomes, Appellees.**

Court of Appeals of Kentucky.

May 1, 1970.

Rehearing Denied Oct. 9, 1970.

John Frith Stewart, Crestwood, for appellant.

John W. Coomes, New Castle, for appellees.

OSBORNE, Judge.

This is an appeal from a judgment of the Oldham Circuit Court in a divorce action. The appellant, William Gernert, filed a suit against the appellee for divorce, alleging cruel and inhuman treatment. The appellee, Mrs. Alma Gernert, filed an answer and counterclaim on the same grounds. The chancellor granted the appellee a divorce, custody of the children, and $4,000 lump sum alimony and ordered her husband to pay the court costs, including a $1,000 attorney's fee. The appellant contends that all the foregoing relief was erroneously granted.

The appellant, Mr. Gernert, is in the plumbing business, a venture in which his

wife helped him by bookkeeping and certain other tasks. His income in 1965 was $7,068.87, and in 1966, $5,975.71. The couple have three sons whose ages range from nine to twelve.

(1) Should the divorce have been granted to Mr. Gernert rather than to Mrs. Gernert?

Mr. Gernert contends that it was he, not his wife, who was entitled to a divorce. He testified at the trial that one of his friends, Herbert Powell, told him of his intimate relations with Mrs. Gernert while the two men were drinking at the Gernert home one evening. At trial, Powell stated that he had seen Mrs. Gernert in Mr. Gernert's absence, but alleged that it was for the purpose of aiding in the couple's reconciliation. He denied that he had engaged in sexual relations with Mrs. Gernert or had told Gernert that he had. A neighbor testified that he had seen Mr. Powell's car at the Gernert residence when Mr. Gernert was not at home. A private investigator testified to seeing Mrs. Gernert and Mr. Powell in a parked car at night on various occasions. There was also evidence introduced to the effect that Mrs. Gernert had been seeing a Mr. Smith after the couple's separation. Mr. Gernert further testified that Mrs. Gernert had kept the books of the business and that there was $14,000 unaccounted for. He alleges that Mrs. Gernert has taken this money for her own use and that he is presently from $8,000 to $10,000 in debt to his creditors.

Mrs. Gernert introduced evidence that she had been beaten and required medical care on the evening that Mr. Gernert alleges that Mr. Powell had told him of the affair between Mr. Powell and Mrs. Gernert. Mr. Powell testified that he had been with Mr. Gernert seven or eight times when Mr. Gernert was out with women whom he and Mr. Powell had picked up at taverns and night clubs, and he described one occasion on which the two friends had intercourse with some women they had picked up in Louisville.

From the testimony introduced, if it may be believed (and much of it is inconsistent), neither party was without fault. However, under KRS 21.060 this court is without authority to reverse that portion of a judgment granting a divorce. In Hinton v. Hinton, Ky., 377 S.W.2d 888 (1964), the court felt that the lower court had erred in granting the husband rather than the wife a divorce, but held that under KRS 21.060 it was precluded from remedying the situation.

(2) Was it error to award custody of the children to the appellee?

In divorce cases, the chief concern of courts in determining custody questions is the welfare of the children. The chancellor had a broad discretion in determining the best interests of the children, and his conclusions will not be disturbed except where his discretion is abused. Newby v. Newby, Ky., 275 S.W.2d 779; Liles v. Liles, Ky., 432 S.W.2d 814. The appellee cites Chastain v. Chastain, Ky., 405 S.W.2d 758, in which the court held that unless the mother is unfit she will be awarded the custody of small children. We have many times held that a mother should not be deprived of the custody of children of tender years unless she is a person unfit to have custody or unable to provide a suitable home. These boys (except perhaps the youngest) could not be classified as children of tender years. See Nicol v. Conlan, Ky., 385 S.W.2d 779, involving boys of the ages of ten and twelve. We perceive no abuse of discretion.

(3) Was it error to award the appellee $4,000 in lump-sum alimony?

It is this issue which presents the greatest question—whether or not Mrs. Gernert took the $14,000 which Mr. Gernert alleges is unaccounted for. If she took the money, leaving Mr. Gernert $8,000 to $10,000 in debt at the present time, as he alleges, then the property settlement was undoubtedly too generous. As stated in Ralston v. Ralston, Ky., 396 S.W.2d 775, at 777,

many factors are involved in determining alimony, "including the value of the husband's estate, his income, age, health, capacity and ability to labor, and the extent to which the wife had been instrumental in helping to accumulate his estate. The wife's age, health, station in life, the time she has devoted to the marriage, having and caring for a child or children, and other circumstances must also be considered."

Mr. Gernert is in the plumbing business. His income in 1965 was $7,068.87; in 1966, $5,975.71. The chancellor determined that the house and lot on Highway 22 in Oldham County, and the house and lot on Highway 146 in Oldham County, were the property of Mr. Gernert. The house on Highway 146 is unfinished. The house on Highway 22 has been the residence of the parties, and there is evidence that Mrs. Gernert spent from 60 to 80 hours working on it. It is being offered for sale for $20,000 but there are no prospective purchasers as yet.

Mrs. Gernert earns from $48 to $51 a week as a bottle inspector. Mrs. Gernert stated she owns ten acres of land in Florida, for which she paid $20 down and $20 a month, and two lots at LaGrange for which she paid $150 down and $75 a month. (Counsel failed to ask for what period the payments were to be made). Mrs. Gernert was awarded the furniture and household appliances by the chancellor, and Mr. Gernert received the plumbing business and trucks. We do not believe the chancellor abused his discretion.

(4) Was it error to require appellant to pay court costs, including a $1,000 attorney's fee?

Mrs. Gernert's attorney was named as a party in this appeal, but appellant makes no effort in his brief to question the reasonableness of the fee. Therefore, the reasonableness of the amount should be presumed.

KRS 453.120 provides that in actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs.

The attorney for Mrs. Gernert asks that he be awarded in additional fee for representing the appellee in this appeal. Denham v. Denham, Ky., 285 S.W.2d 176. Application for a fee covering services rendered in this court will have to first be made to the circuit court. This court does not make the initial award of fees.

Findings of the chancellor in a divorce case should not be disturbed unless they are clearly erroneous. CR 52.01. In view of testimony that would indicate that Mr. Gernert had relations with other women, and on occasion had a somewhat violent temper (though there was probably adequate provocation), one could not say that the findings of the chancellor were clearly erroneous—unless, of course, he incorrectly believed that Mrs. Gernert had not taken the $14,000 and Mr. Gernert's allegations were unfounded. The testimony in this case is, in places, so inconsistent that it is practically impossible to determine what to believe.

Judgment affirmed.

All concur.