CASE 26a.—ACTION BY ROBT. MARSHALL'S ADMINISTRATOR AGAINST THE UNION TRUST & SAVINGS COMPANY AND OTHERS FOR A SETTLEMENT OF DECEDENT'S ESTATE.—November 5.

## Union Trust & Savings Co. v. Marshall's Admr.

Appeal from Fleming Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From the judgment the Trust Co. appeals.—Affirmed.

1.  Parties — Defendants—Necessary Parties — Objections—Mode of Objections.—In a suit by administrators for the settlement of an estate, if a necessary party was not before the court, either by summons or warning order, the party objecting on that ground should have stated the name of such party.
2.  Executors and Administrators — Payment of Claims—Sale—Authority to Make.—In a suit by administrators to settle an estate, consolidated with a suit by creditors to have certain alleged preferences declared an assignment for the benefit of decedent's creditors, certain lienholders being made parties and their liens set up, a sale of the land could be ordered, though such lienholders, had not filed their answers and set up their liens when judgment was entered, under Civ. Code

Prac. section 692, requiring the plaintiff in an action to enforce a lien to make other lienholders defendants, and permitting a judgment of sale to satisfy all the liens, though such defendants failed to assert their claims, but providing that they shall not be allowed to withdraw or receive any of the proceeds until they have shown their right thereto by answering and cross-petition.

3. Executors and Administrators—Sale for Debts—Property Subject to Disposal.—Where decedent had the right under his father's will to purchase the interests of other remaindermen in land in which decedent had a remainder within a certain time after the life tenant's death, and decedent elected by his will to purchase the interest of a deceased remainderman, the representatives of such remainderman being made defendants, decedent's administrators, in proceedings to sell the estate to satisfy debts, could consummate his election to purchase by paying the stipulated price out of the estate, and then sell the land for debts together with the rest of the estate; it being unnecessary to institute a separate proceeding to vest title in themselves.

4. . Executors and Administrators—Sale—Report—Determination as to Necessity of Sale.—Under Civ Code Prac. section 429, authorizing the court to order a sale of real property for the payment of debts, if it appears to the satisfaction of the court that the personal estate is insufficient, the real property may be sold where the pleadings alleged without contradiction that decedent's debts were greater than the value of his estate, though there was no reference to a commissioner, or report of the necessity of sale; since, where the rights of infants are not involved, a reference and report are not essential to the validity of the sale.

5. Executors and Administrators — Sale — Contest of Claims.—A suit by administrators to sell land to satisfy debts consolidated with a suit by creditors to have certain mortgages, alleged to be preferences, declared an assignment for the benefit of creditors. Several of the lawyers in the case resided in another county, and the alleged preferences were numerous so that it would have taken a long time to adjudicate them, and in the meantime the assets of the estate would have been diminished. The sale was attacked on the ground that, until the determination of the alleged preferences, the lineholders would not know how much to bid on the land in case of sale. Held, while the rights of the various lineholders should be first determined, where it could be done without prejudicing the estate, the trial court had a

large discretion in the matter, and, under the circumstances, the sale was properly made before determining the rights of creditors and lineholders.

6. Mortgages—Right to Foreclose—Maturity of Debt—Default in Interest.—Where a mortgage contained an absolute provision that, if any interest remained due and unpaid for 30 days, the whole debt should become due, the entire debt and interest became due without any action by the mortgagee on the failure to pay the interest for that period.

WORTHINGTON    COCHRAN and GARRETT S. WALL for appellant.

B. S. GRANNIS for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

R. T. Marshall died on May 7, 1907, in Fleming county, Ky., the owner of a large estate, consisting of personal property and 710 acres of land which he owned in fee simple and the remainder interest in 400 acres, subject to the life estate of his mother, who was then a very old woman. His will was probated on May 27, 1907. On May 29, 1907, L. M. Marshall and John Marshall, appellees herein, qualified as his administrators, and on June 26th they instituted this action in the Fleming circuit court for a settlement of his estate. To this action the widow and children of R. T. Marshall, the husband and children of Eliza C. Ambler, the appellant Union Trust & Savings Company, which held a mortgage on the land involved in the sum of $40,000, and other lienholders and creditors, were made parties defendant. The petition, after setting out a great many of the debts of the decedent, R. T. Marshall, charged that he at the time of his death was wholly insolvent; that his debts amounted to $90,000 or more; that his estate, real

and personal, including some $13,500 life insurance, payable to his estate, did not amount to more than $70,000; that his wife, Rebekah Marshall had renounced the provisions of the will, and asked that she be allowed her rights under the law; that it was necessary to make a sale of all the personal estate of said R. T. Marshall subject to the rights of his wife, Rebekah Marshall, and his mother, Jane Marshall. These allegations of the petition were not denied. On July 3, 1907, J. P. Taylor and others, creditors of R. T. Marshall, filed their suit under the act of 1856, by which they sought to have the $40,000 mortgage executed to appellant Union Trust & Savings Company and a number of other alleged acts of preference committed by R. T. Marshall within six months just prior to his death declared to operate as an assignment for the benefit of all his creditors. Thereafter these two suits were consolidated. On February 1st the circuit court ordered all of decedent's land to be sold in the month of June, 1908. From this judgment, the Union Trust & Savings Company prosecute this appeal.

It is insisted by appellant that the sale was premature, because numerous non-residents and infant defendants were not before the court. Counsel for appellant, however, have failed to point out what necessary parties were not before the court. If there was a single party required by the Code to be made a defendant who was not before the court, either by summons or warning order, the name of such party should have been stated by counsel. Notwithstanding this fact, however, we have examined the record, and are of opinion that all the necessary parties were before the court at the time of the entry of judgment.

It is next insisted that certain parties did not file their answers and set up their lien claims at the time the judgment was entered. This, we think, was unnecessary. The petition did make the lienholders parties, and set up their liens. Under this condition of the record a sale could be ordered, although such lienholders could not withdraw or receive any of the proceeds of the sale until they had shown their right thereto by answer and cross-petition. Section 692, Civil Code of Practice.

The further objection is made that Abner Clary filed a claim on May 13, 1908, against the one-third interest of the Amblers in the 400 acres of the Marshall land. It appears, however, that Clary was not asserting a lien on the interest of the Amblers in the 400 acres of land, but was setting up only a general claim against the Ambler estate and the fund coming to them.

The next objection is that Marshall did not own the one-third interest of his sister, Mrs. Ambler, in the 400 acres occupied by his mother for life, and that the sale was therefore improper. The record discloses the fact that by the will of Charles Marshall, the father of R. T. Marshall, he gave his wife, Jane Marshall, 400 acres of land for life, with remainder in equal parts to R. T. Marshall, Sallie D. Taylor, and Eliza C. Ambler. He further provided, however, that R. T. Marshall should have the option to buy the interests of Eliza C. Ambler and Sallie D. Taylor in the 400 acres of land at the price of $4,000 each, and that he should have four years from the death of his mother, Jane Marshall, within which to exercise the option. R. T. Marshall, by his will, elected to exercise the option and to purchase the interest of Eliza C. Ambler in said 400 acres of land, and pay her therefor

the price fixed by his father's will. At the time of filing the petition Eliza C. Ambler was dead, leaving several infant children. The administrators of R. T. Marshall, therefore, asked that the election of R. T. Marshall to take said interest in said 400 acres of land and pay therefor the sum of $4,000 out of his estate ·be carried into effect, and Mrs. Ambler's husband and children were all made defendants for the purposes of carrying out that election, and passing title from them to the purchasers of the land. Manifestly, under these ·circumstances, it would be unnecessary first to institue judicial proceedings for the purpose of investing the interest of the Amblers in the representative of R. T. Marshall, and then afterwards institute another suit for the purpose of having the interest so vested sold for the purpose of paying his debts. With the necessary parties before the court the whole arrangement could be perfected in one suit and the purchaser get a clear title to the property purchased. This is exactly what the administrators sought to have done, and we can not see how appellant or any one else was prejudiced by ordering a sale of the land in question under these circumstances.

Counsel further insist that there was no report on claims against the estate, and it did not appear that it was necessary to sell the real estate. The pleadings allege, however, and it is not denied, that decedent was in debt for more than $90,000, and that all of his estate amounted to about $70,000. Under these circumstances, the court had a right to order a sale of the land in question; for it is well settled that in cases where the rights of infants are not involved a reference to the commissioner is not indispensable to the validity of a judgment directing a sale of the real estate of a decedent, nor need it always precede the

judgment. Section 429, Civil Code of Practice, authorizes the court to order the real property to be sold for the payment of the residue of the debts, if it shall appear to the satisfaction of the court that the personal estate is insufficient for payment of all the debts, no matter whether it appears from the report of the commissioner or from the pleadings. Harlammert, etc., v. Moody's Admr., 26 S. W. 2, 15 Ky. Law Rep. 839.

Appellant's chief objection to the sale is based upon the fact that until the action attacking its mortgage and the other liens upon the land as preferences under the act of 1856 could be determined neither it nor any of the other lienholders would be in position to know how much to bid on the land in case of a sale. Of course, where it can be done without sacrificing the interest of the estate, it would be well to adjudicate the rights of the various lienholders; but in such matters the chancellor has a large discretion. His primary duty is to conserve the interests of all the lienholders, of all the creditors, and of all the parties in any wise interested in the estate. Very frequently an action involving a preference is long drawn out. In this case, where several of the lawyers do not reside in the county where the action was brought, and the action involced many acts of alleged preference, it would have doubtless taken a long time to adjudicate the rights of the parties. In the meantime the assets of the estate would certainly not have increased; on the other hand, the debts bearing interest would have vastly increased. Under the circumstances, the circuit court must have been of the opinion that it was better for the interests of all concerned that the sale should take place at the earliest possible moment,

rather than that it should be postponed because appellant would not know how much to bid on the land.

Another point raised by counsel is that appellant's debt was not due, and that a sale could not be ordered until it was due. It appears, however, that there was a provision in the mortgage to the effect that, if any interest remained unpaid for a period of 30 days, the whole debt should become due and collectible. The provision did not contain the usual words, "shall become due and collectible at the option of the mortgagee." The language is absolute, and we conclude as a matter of fact that there is no merit in appellant's contention that its debt and interest were not due.

For the reasons given, the judgment is affirmed.