## Roberts v. Roberts.

(Decided May 21, 1918.)

### Appeal from Pike Circuit Court.

Judgment—Parties Concluded—Executors and Administrators—Payment of Claims—Sale of Real Estate—Necessity of Process on Petition of Lien Holder.—Decedent's administrator brought suit to settle his estate and sell his real property, including a tract conveyed to the decedent and his wife jointly upon which a vendor's lien was retained for a portion of the purchase money. The widow and the vendor were made parties to the action and served with process. The petition set up the lien of the vendor. The vendor filed a petition asserting his lien but no process thereon was served on the widow. The land covered by the deed was ordered sold but did not bring enough to satisfy the debt. No exceptions were filed by the widow either to the judgment of sale or report of sale, and the sale was confirmed. Thereupon the commissioner on behalf of the widow and other parties, conveyed the property to the purchaser's assignee. Several years later the widow brought this suit to set aside the commissioner's deed and recover a half interest in the property. Held, that as the widow was served with process on the original petition, she was before the court for the purposes of the sale, and the judgment and other proceedings are a bar to her right of recovery, it not being necessary that she should have been served with process on the petition of the vendor, since his lien was set up in the original petition and the vendor did not seek a personal judgment against plaintff.

STRATTON & STEPHENSON for appellant

CLINE & STEELE and W. H. MAY for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

On January 26, 1891, Thomas Little, for the recited consideration of $212.50 cash, and $312.50 to be paid November 1, 1891, but for an actual consideration of $100.00 cash, and three notes, one for $51.50, another for $262.50, and a third for $100.00, payable at different times, conveyed to Richard Roberts and his wife, Mary Roberts, a tract of land in Pike county containing 143 acres, more or less. A lien was reserved to secure the deferred payments. Shortly thereafter Richard Roberts died, and W. J. Roberts, who was appointed and qualified as his administrator, brought suit against the widow and children of the decedent, and Thomas J. Little and other creditors, for a settlement of the estate, alleging that the decedent owned four tracts of land on which Thomas J. Little and other creditors had vendors' liens, and that the personal property of the decedent was insufficient to pay his debts, and asked a sale of so much of the land as was necessary to pay the debts. Mary Roberts was served with process and filed an answer asserting homestead in the land which she occupied. The case was referred to the master commissioner to hear proof and make a report as to the liens on the land and other debts, and as to the amount of personal property left by the decedent. He was also directed to file an accurate description of the decedent's lands. Thomas J. Little filed a petition and claim before the commissioner for the purchase money notes due on the tract of land conveyed by him to Richard Roberts and Mary Roberts, and asserted a vendor's lien thereon. The commissioner filed a report allowing the claim of Thomas J. Little and also other claims aggregating the sum of $1,375.89 without interest. This report was confirmed. An order was then entered reciting the fact that there was not enough personal property to pay the debts and ordering a survey of the lands by W. J. Roberts. The latter surveyed the land of the decedent in nine tracts and filed a report accurately describing each tract. Tract No. 7 as described in that report is the tract of land conveyed by Little to Richard Roberts and wife. A judgment of sale was then rendered. In this judgment it was adjudged that it was necessary to sell the decedent's lands in order to pay his debts. Thomas J. Little was adjudged a lien on tract No. 7 for the sum of $440.00

as reported by the commissioner. A. J. Newson was adjudged a lien on tracts Nos. 1 and 2 for $316.40. James I. Roberts was also adjudged a lien on the same tracts for $268.00. Tracts Nos. 2 and 7 were ordered sold to satisfy the liens thereon. The other lands of the decedent, or enough to pay his debts, were ordered sold subject to the widow's dower or homestead. At that time his debts with interest aggregated $1,594.94. Lot No. 7 was sold to Thomas Little for the sum of $340.00 or $100.00 less than the amount of his lien debt. All the lots sold for $1,142.50, or $350.00 less than the decedent's debts. All the sales were confirmed. Thomas J. Little assigned his bid to John Roberts, and on November 13, 1894, a deed was made by the commissioner on behalf of Mary Roberts and the other parties, conveying tract No. 7 to John Roberts.

In the month of August, 1915, Mary Roberts brought this suit against John Roberts to set aside the commissioner's deed conveying to him tract No. 7, and to recover a half interest in that tract. Besides other defenses, John Roberts pleaded that plaintiff was a party to the foregoing proceedings and that her rights to the property in question were concluded thereby. Judgment was rendered in favor of the defendant and plaintiff appeals.

The entire tract conveyed by Little to plaintiff and her husband, was subject to Little's vendor's lien. Plaintiff was served with process on the petition in the settlement suit. The petition set up Little's lien and the necessity for the sale of the decedent's lands to pay his debts. The necessity was shown by the commissioner's report and Little's lien claim was allowed. Little did not seek a personal judgment either against the decedent's estate or against plaintiff, but merely asked an enforcement of his lien. Under these circumstances it was not necessary to issue process on the pleading filed by Little and serve it on plaintiff or the other parties, since the court had the power to order a sale of the land even though no pleading was filed by Little. Civil Code, sec. 692; Union Trust and Savings Co. v. Marshall's Admr., 130 Ky. 206, 113 S. W. 73. Plaintiff had no interest in the land in controversy until the lien debt was paid. The land was ordered sold and did not bring enough to pay the debt. No exceptions were filed by plaintiff either to the judgment or report

of sale, and the sale was confirmed. Thereupon in pursuance to an order of court, the commissioner, on behalf of plaintiff and the other parties, executed a deed to the purchaser's assignee. Under these circumstances plaintiff was before the court for the purposes of the sale in question, and the judgment and other proceedings are a bar to her right of recovery in this action.

Judgment affirmed.