## Carter et al. v. Rains et al.

(Decided March 17, 1933.)

TYE, SILER, GILLIS & SILER for appellants.

STEPHENS & STEELY and B. B. SNYDER for appellees Thomas Rains, Ernest Latner and Jellico Coal Mining Co.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

This was a suit brought to enforce a mechanic's lien against certain real estate owned by the appellants, in which suit the vendors, from whom the appellants had purchased the land in question, intervened to enforce their vendor's lien. Appellants filed an answer traversing the allegations of the petitions seeking to enforce the mechanic's lien and the vendor's lien, but took no proof to sustain the allegations of their answer. Proof having been taken to support the allegations of the petitions seeking to enforce the mechanic's lien and the vendor's lien and the case being submitted for judgment, the court entered a decree adjudging the enforcement of the mechanic's lien and vendor's lien against the property in question. At the end of the judgment, it was provided: "No appraisement of the property required." It is contended by the appellants and correctly conceded by the appellees that the court erred in directing that there should be no appraisement of the property, as under section 2362 of the Statutes it is mandatory that an appraisement should be had. Graves v. Long, 87 Ky. 441, 9 S. W. 297, 10 Ky. Law Rep. 414. The error being rightfully conceded, it is obvious that the judgment will have to be reversed unless, as appel-

lees contend, the insertion of the provision against an appraisement in the judgment rendered the judgment void, and appellants not having complied with section 763 of the Civil Code of Practice, which requires a party before appealing from a void judgment to move the court in which the judgment was rendered to set it aside, the appellants are not entitled to prosecute this appeal. However, conceding arguendo, but not deciding, that the provision for no appraisement in the judgment herein appealed from rendered it void, no motion has ever been made in this court to dismiss this appeal because of the failure to move the court rendering the judgment to set it aside. In the case of Brown v. Vancleave (Ky.) 21 S. W. 756, 14 Ky. Law Rep. 821, this court said:

"It is argued, however, that the judgment on the amendment was not void, for, if so, this court had no jurisdiction of the appeal until a motion was made to set aside the judgment below. We see no reason why this objection may not be waived by failing to take advantage of it in this court by motion to dismiss."

Since the objection that a party appealing from a void judgment has not applied to the court rendering the judgment to set it aside in accordance with section 763 of the Civil Code of Practice may be waived by failing to take advantage of it in this court by a motion to dismiss the appeal, and as no such motion has been made in this case, it results that even if we say the judgment appealed from is void—a question we expressly do not decide—it will yet have to be reversed rather than the appeal dismissed.

Judgment reversed.