## White v. Sharp.
(Decided Dec. 17, 1935.)

STEPHENS & STEELY for appellant.

C. B. UPTON, R. S. ROSE and R. L. POPE for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

To satisfy liens a parcel of land owned by Matt Carter was sold under judgment in January, 1931, to E. F. White for debt and costs, aggregating $334.20. Upon maturity White paid the six months' sale bond. received the deed from the master commissioner, and entered into possession. The debts were paid and the lien satisfied. Shortly before the expiration of the two years' limitation, Carter appealed the judgment, and on March 17, 1933, it was reversed. Carter v. Rains, 248 Ky. 206, 58 S. W. (2d) 396. Meanwhile, before the judgment was reversed, White sold the property to C. M. Pratt for $550, and Pratt soon resold it to C. B. Boshears for $750. To avoid executing and recording a deed, White made a direct conveyance to Boshears. Boshears paid $300 in cash to White, and executed two notes for $225 each, due in 12 and 24 months, respectively. The last note was given Pratt as representing his profit of $200; the difference of $25 to be paid White by him. The note was made payable to White. When Pratt asked him to indorse it, he declined, saying it ought never to have been made payable to him. He also refused to buy it at a considerable discount. Upon Pratt's insistence that he do something, White wrote and signed on the back, "I hereby transfer the within note to the amount of $200 to Chas. Pratt, this August 7, 1931." Having sold the note, Pratt signed this indorsement: "$200.00 of this note sind to Arch Sharp and Minnie Sharp." The note recited that it was secured by a lien on the property sold by White to Boshears, and that deed did in fact retain a lien for the two notes.

Upon the return of the case after reversal, Carter paid into court $342.40, the amount of his debt and costs, and moved that the judgment be set aside and the several deeds based upon it be annulled, and the liens on his property released. About that time Minnie Sharp filed a petition to be made a party. Outlining the proceedings which had been taken, she set up her ownership as an innocent holder for value of the $225 note to the amount of $200 through the assignment and transfer, and averred that if the deeds should be canceled her lien would be destroyed, and claimed, in that event, that she was entitled to recover the amount due her on the note out of the fund in court. She pleaded estoppel against White by reason of his indorsement on the note from claiming any part of it or of the fund.

No personal judgment was asked against White, and Boshears, the maker of the note, was not a party to the suit. Upon extended pleadings and the deposition of White, the court set aside the sale by the commissioner, canceled his deed, as well as White's deed to Boshears, adjudged the liens on the property to have been satisfied, and directed their release. He further adjudged Mrs. Sharp a recovery of $200, with interest and costs, to be paid out of the funds in the hands of the master commissioner. White prays an appeal in this court, and asks that the judgment be reversed.

The appellee seeks to sustain the judgment on the ground that she is an innocent purchaser for value without notice of any infirmity or defect in the note; that appellant was a volunteer in paying the lien debts on the Carter property and is not entitled to subrogation; that he put the note in circulation and must suffer the consequences, and not she, as she was not in fault; that in any event the judgment is proper, although it may have been rendered upon an erroneous theory for it is equity and no more than justice required. The appellant maintains upon several authorities cited that Mrs. Sharp cannot be regarded as an innocent purchaser for value of any part of the note. There is no allegation in the intervening petition that either Boshears or White is insolvent, or that demand for payment had been made. Nor is any personal judgment asked. The appellee submits no reason or authority for holding that she is entitled to a lien upon or a right to subject the fund which obviously White is entitled to in reimbursement of what he paid to satisfy the lien debts on the land. Whatever rights Mrs. Sharp has against White on the note is a matter not before us, and of course we express no opinion concerning it, but we are of the opinion that she manifested no right to subject the fund in satisfaction of the note.

The appeal is granted, and the judgment is accordingly reversed.