## Noel v. Noel.

October 7, 1947.

Haynes Carter for appellant.

Robert Hubbard and Rodney Haggard for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

This is an appeal from a judgment in the second case referred to in Noel v. Noel, 210 S. W. 2d 137. This action was instituted in the Larue Circuit Court on April 19, 1946, and before the appeal in the above cited case was filed in this Court. Appellee instituted the action against her husband, naming the Lincoln National Bank of Hodgenville as a defendant. She alleged that, by reason of a deed which purports to convey jointly to her and her husband, and by reason of the judgment in the Clark Circuit Court, copy of which she filed with the petition, she is the owner of an undivided one-half interest in a farm in Larue County consisting of approximately one thousand sixty-six acres. She alleged that the Bank had a lien on the property by reason of a mortgage executed by her and her husband. The Bank answered, setting up its lien on the property. On May 23, 1946, which was after the petition in this case was filed but before he answered, appellant instituted in the Jefferson Circuit Court the third action mentioned in Noel v. Noel, supra. The opinion on the appeal of the judgment in the Jefferson Circuit Court is published in 210 S. W. 2d 142. In that action appellant sought an absolute divorce from his wife and a complete restoration of the property which is the subject of this action. On May 29, 1946, appellant filed his answer and counterclaim in this case. He alleged that he caused the title to the farm to be taken in their joint names solely because he had hoped to create in Mrs. Noel such interest in the farm and home as would prevent her from abandoning him and their children, as he alleged she had done in the past. He prayed that Mrs. Noel's interest in the land be adjudged to have been obtained by fraud, and that she take nothing by reason of the deed. He then pleaded the action in the Jefferson Circuit Court in abatement of the instant suit, alleging that, if he should obtain a divorce in that action, he would be entitled to an order of restoration in that case of all

property, including the subject matter of this suit, obtained by Mrs. Noel by virtue of their marriage. He prayed a temporary injunction to prevent Mrs. Noel from proceeding further in this action. The Chancellor entered an order denying the temporary injunction, on the ground that the judgment of the Clark Circuit Court was res adjudicata of the controversy between Mr. and Mrs. Noel. On October 16, 1946, the Bank moved to be allowed to file supplemental answer and cross-petition, which was sustained, as were motions filed by Mrs. Noel to strike from Mr. Noel's answer and amended answer all matters referring to her abandonment of him. On the same day, to-wit. October 16, 1946, the Court entered judgment on the Bank's supplemental answer and cross-petition adjudging appellant to be in arrears in the payments on the mortgage debt; declaring the Bank to have a first lien to secure its debt; and ordering the farm to be sold in satisfaction of the debt. No summons was issued or served on appellant on the Bank's cross-petition, and he did not enter his appearance thereto. The judgment ordering the land sold directed that, after the payment of the Bank's lien and certain tax liens, the remainder of the proceeds be held for final determination on such issues as thereafter should be made between Mr. and Mrs. Noel. Upon appellant's declining to plead further, the Court entered a supplemental judgment ordering equal division of the remaining proceeds of the sale between Mr. and Mrs. Noel. This judgment was entered October 25, 1946.

Appellant contends (1) that the judgment which was entered upon the Bank's counterclaim and cross-petition is void or erroneous as against him, because (a) he was not before the Court on the cross-petition either by summons or personal appearance; (b) the case was submitted prematurely; (c) the judgment of sale failed to set out the duties of the commissioner making the sale; (d) the advertisement of sale was insufficient; (e) the commissioner's report of sale failed to show that the necessary steps in advertising the sale were carried out; and (f) the description of the land contained in the judgment varied from that contained in the petition; (2) the Court erred in recognizing the judgment of the Clark Circuit Court, and in not permitting appellant to defend on the merits his contention

that he is the sole owner of the property in controversy; and (3) the Court erred in refusing to grant the injunction prayed for against Mrs. Noel to prohibit her from proceeding further in this action.

The complaints listed under (1), supra, are directed against the judgment entered on the sixteenth day of October, 1946, in favor of the Lincoln National Bank. Those contentions can not be considered by us, because the Lincoln National Bank has not been made a party to this appeal; but we will make the following observation, in an endeavor to put an end to futile litigation. The Bank in its supplemental answer and cross-petition alleged that appellant was in arrears in his payments on the mortgage debt which appellee alleged in her petition constituted a lien on the property. But the Bank did not ask for a personal judgment in its cross-petition; that being true, it was not necessary for a summons to be issued on the cross-petition as a prerequisite to the Bank's right to have the property sold, and to receive its portion of the proceeds of the sale. Section 692, Civil Code of Practice; Roberts v. Roberts, 180 Ky. 629, 203 S. W. 523.

The second contention is directed at the supplemental judgment entered on the twenty-fifth day of October, 1946, in favor of Mrs. Noel, and must be sustained, because that part of the Clark Circuit Court judgment which decreed the parties to be joint owners of the real estate in Larue County is void. Noel v. Noel, 210 S. W. 2d 137. It therefore had no binding effect. That being true, the Chancellor erred in recognizing it as having adjudicated the question of ownership between Mr. and Mrs. Noel. It follows that the Court should have allowed appellant to plead, and introduce evidence in support of, his contention that he is the sole owner of the property.

The third contention is without merit. The Larue Circuit Court took jurisdiction of the question involved previous to the filing of the action in the Jefferson Circuit Court.

For the reason indicated, the supplemental judgment ordering equal division between Mr. and Mrs. Noel of the proceeds of sale remaining after the payment of the liens adjudged in the first judgment, is re-

132

versed, with directions for further proceedings consistent with this opinion. The appeal from the judgment in favor of the Lincoln National Bank entered on the sixteenth day of October, 1946, is dismissed.