# Noel v. Noel.

October 7, 1947.

As Extended on Denial of Rehearing March 26, 1948.

Haynes Carter for appellant.

Robert Hubbard and Rodney Haggard for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing in part, affirming in part.

Appellant has appealed, and appellee has cross-appealed, from a judgment entered by the Clark Circuit Court in the first of three suits between the parties, who are husband and wife. The second action was instituted in Larue County, and the opinion on the appeal from the judgment in that case is published in 210 S. W. 2d 140. The opinion on the appeal and cross-appeal from the judgment in the third case, which was instituted in Jefferson County, is published in 210 S. W. 2d 142.

Appellant and appellee were married December 19, 1917. Throughout the first twenty-three years of their married life they owned and sold several farms, and finally purchased approximately one thousand sixty

acres in Larue County. This farm was deeded to them jointly. Several children were born to the union, two of whom now are minors and unmarried. In the year 1942 Mrs. Noel departed from her home in Larue County and established a residence with her sister in Winchester, and shortly thereafter instituted this action for divorce, alimony, maintenance for and custody of the children, in the Clark Circuit Court; she likewise prayed for a reasonable allowance for her attorneys to be taxed as costs in the action. The ground alleged was cruel and inhuman treatment. Thereafter she filed motion for an allowance for the maintenance and support of herself and children pending prosecution of the action. On the thirty-first day of August, 1943, she filed an amended petition iterating the grounds for divorce and asking the same relief. On the third day of May, 1945, she filed her second amended petition reiterating the allegations and prayers of the original and first amended petitions. On the twelfth day of September, 1945, appellant filed answer and counterclaim denying all the affirmative allegations of the petition as amended, and alleging that appellee, without fault or like fault on his part, had abandoned him and their children on, and continuously since, the twentieth day of May, 1945; he prayed that appellee's petition be dismissed and that he be granted an absolute divorce. The issue was joined by a reply filed on the fourteenth day of September, 1945. Evidence was heard on oral testimony and submitted to the Chancellor, who decreed that neither was entitled to an absolute divorce, but granted each a divorce from bed and board; ordered that the custody and control of the children be determined by the will of the children; decreed that appellant should pay to appellee the sum of Fifty Dollars per month for her maintenance during the pendency of the appeal to this Court; but refused to award permanent alimony to appellee, and refused to tax her attorneys' fee as costs against appellant. Thereupon the Chancellor decreed that each of the parties is the owner of an undivided one-half interest in the farm in Larue County. Appellant has appealed from so much of the judgment as denied him an absolute divorce, awarded appellee maintenance pending the appeal, and declared appellee to be the owner of an undivided one-half interest in the real estate in Larue County. Ap-

pellee has cross-appealed from so much of the judgment as denied her an absolute divorce, alimony, maintenance, and attorney fee.

No bill of evidence has been brought to this Court. Where the bill of evidence is not filed in the lower court and certified to this Court, we invariably have held that we can not review alleged errors of judgment of the trial court based upon the evidence, but must presume it to have been sufficint to support the judgment. South et al. v. Truesdale, 233 Ky. 682, 26 S. W. 2d 519; McCown v. Shelby Supply Co. et al., 251 Ky. 164, 64 S. W. 2d 497. Thus we are restricted to a determination of the sufficiency of the pleadings to support the judgment, Sapp v. Likens et al., 301 Ky. 445, 192 S. W. 2d 394; and the question of jurisdiction presented by the record.

Appellee moved the Court for an allowance for her maintenance during the appeal, and all material allegations of the petition and counterclaim were denied by the respective answers to these pleadings. Thus the pleadings are sufficient to support the judgment on all questions raised by the parties to the action; but we are of the opinion that the Court was without jurisdiction to pass upon the title to the real estate situate in Larue County, and the judgment to that extent is void. Section 62 of the Civil Code of Practice provides that all actions for recovery of an estate, or interest in, partition of, or, except to satisfy debts of a decedent, the sale of real property under a mortgage, lien, or other encumbrance or charge, shall be brought in the county in which the subject of the action is situated. However, Section 425 provides an additional exception to the above provision of the Civil Code of Practice. It reads:

"Every judgment for a divorce from the bond of matrimony shall contain an order restoring any property not disposed of at the commencement of the action, which either party may have obtained, directly or indirectly, from or through the other, during marriage, in consideration or by reason thereof; and any property so obtained, without valuable consideration, shall be deemed to have been obtained by reason of marriage. The proceedings to enforce this order may be by petition of either party, specifying the property which the

other has failed to restore; and the court may hear and determine the same in a summary manner, after ten days' notice to the party so failing.''

This section of the Civil Code of Practice requires the chancellor who grants a divorce from the bond of matrimony to include in his judgment an order restoring any property not disposed of at the commencement of the action which either party may have obtained from the other during coverture, and in consideration thereof, and additionally provides for the enforcement of the order. In construing this section of the Civil Code of Practice and KRS 403.060(2), formerly Carroll's Ky. Statutes, Sec. 2121, we have held that the chancellor has no authority to require the restoration of property obtained by one of the parties to a divorce action from the other, where the divorce is merely from bed and board. Lewis v. Lewis, 196 Ky. 701, 245 S. W. 509, and cases therein cited. That being true, Section 62 of the Civil Code of Practice prevails; and since the action is not to satisfy the debt of a decedent, the Larue Circuit Court is the only court having jurisdiction to pass upon the title to the real estate situate in that County.

But appellee argues that the judgment concerning the ownership of the property is not void, because, she contends, the pleadings made an issue as to the ownership of the property for the purpose of having that question determined by the Court. She further argues that the Clark Circuit Court had jurisdiction of the parties and of the subject matter, and although it did not have venue of the question, venue was waived by denial of this allegation in the reply. We can not agree with this contention. It is true that appellant in his answer alleged that he was the owner of the land in Larue County; but the pleading manifests that the only purpose of this allegation was to reduce an award of alimony should the Court have rendered judgment against him in this respect. That part of the answer containing this allegation reads:

''The defendant for further answer herein says that he owns 1033 acres of land, more or less, situated in Larue County, Kentucky, of the reasonable market value of approximately $7500.00; that he owes to the Lin-

coln National Bank of Hodgenville, Ky., the sum of $4248.00, which is secured by a mortgage on said real estate; that he is indebted to R. W. Noel the sum of $1800.00 which is secured by mortgage on personal property; that he is indebted to Claxon Commission Company, of Louisville, Kentucky, in the sum of $2600.00; that he is indebted to the Nolin Production Credit Company, in the sum of approximately $1400.00, with some interest, the amount of which is unknown to this defendant; that he is indebted to Bunton Seed Company, the sum of Two Hundred Dollars ($200.00) with interest thereon for about four years, the amount of which interest is unknown to the defendant.

"The defendant for further answer says that he owns personal property of the value of about Seven Hundred Dollars ($700.00) all of which personal property is covered by mortgages to the above named creditors, which mortgages are of record in the Larue County Court Clerk's Office at Hodgenville, Kentucky.

"The defendant says that he can hold the real estate owned by him, provided the plaintiff will return to his home and help to make a home for the defendant and their two daughters; that he wants her to return to their home and make a home for said children."

Appellee's reply was a general denial of the affirmative allegations of the answer and counterclaim except those admitted by her petition. It will be noted that the allegation in respect to the ownership of the land in Larue County was not made a counterclaim; neither does the prayer contained in any of the pleadings request the court to determine the ownership of the property. It is obvious, therefore, that the pleadings do not support the judgment in respect to the ownership of the property unless such judgment should be construed to be a restoration which we have pointed out is void because of lack of jurisdiction.

Ordinarily a void judgment will not be reversed or modified by this Court unless a motion to set aside or modify the judgment shall have been made in the inferior court, and which was not done in this case. Section 763, Civil Code of Practice. But in a long line of cases construing this section of the Civil Code of

Practice we have held that a party may waive objection to the hearing of an appeal from a void judgment by failing to move this Court to dismiss the appeal, and in such case this Court will reverse the judgment and declare it to be void. Brown et al. v. Vancleave et al., 21 S. W. 756, 14 Ky. Law Rep. 821; and Carter v. Rains, 248 Ky. 206, 58 S. W. 2d 396. No motion to dismiss the appeal has been made in this case.

Wherefore, the judgment is reversed in so far as it purports to adjudicate the title to the real estate situate in Larue County; in all other respects it is affirmed, both on the appeal and cross-appeal.