## Noel v. Noel.

October 7, 1947.

Haynes Carter for appellant.

Robert Hubbard and Rodney Haggard for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming in part, reversing in part.

This is an appeal from the judgment in the last of the three suits between the parties. The opinion on the first appeal from Clark Circuit Court is reported in 210 S. W. 2d 137; that on the second from Larue Circuit Court in 210 S. W. 2d 140. On May 23, 1946, appellant filed this action in the Jefferson Circuit Court seeking an absolute divorce from appellee on the grounds of abandonment and cruel and inhuman treatment; he asked for custody of the infant daughter, Allyne Bird Noel; he alleged that he was the sole owner of a farm in Larue County which is the subject matter of the second suit between the parties; he prayed for an order restoring him to all property which appellee had received from him during their marriage and by reason thereof, and specifically asked to be adjudged to be the sole owner of the Larue County land. At the time of the institution of this action judgment had been entered in the first action, but not appealed from, and the second action was pending in Larue County. Appellee answered and pleaded the judgment of the Clark Circuit Court in estoppel to abatement and res adjudicata of, plaintiff's right to maintain this action. The Court sustained these pleas, and upon appellant's refusal to plead further, his petition was dismissed.

He contends that, since the Clark Circuit Court refused to grant either of the parties an absolute divorce, and appellee is now a resident of Jefferson County, the Jefferson Circuit Court has jurisdiction to entertain an action for divorce between the parties and, as an incident to the granting of an absolute divorce, has the exclusive right to determine the title to the property in Larue County upon his prayer for restoration, under Section 425 of the Civil Code of Practice, and KRS 403.060(2) (formerly Carroll's Ky. Statutes, Sec. 2121).

The abandonment relied upon by appellant in this action, according to his petition, occurred on the twenty-first day of April, 1945, which was prior to the date of the abandonment alleged by him in his counterclaim in the Clark Circuit Court. The petition in this case further shows that the parties have not lived together since the twenty-first day of April, 1945; therefore his allegation of cruel and inhuman treatment must be deemed to have accrued prior to that date. The judgment in the Clark Circuit Court was entered September

27, 1945. It is apparent that all acts of appellee complained of by appellant occurred prior to the institution, trial, and entry of judgment in the Clark Circuit Court, and it was incumbent on appellant to litigate in that action all controversial matters in respect to divorce and custody of the child. The rule of res adjudicata, which prevents the relitigation of the same issues in a subsequent action, includes every matter belonging to the subject of the litigation which might have been, as well as those which were, introduced in support of the contention of the parties. Potts v. Potts, 298 Ky. 99, 181 S. W. 2d 393; Hays et al. v. Sturgill et al., 302 Ky. 31, 193 S. W. 2d 648, 164 A. L. R. 868. It is apparent that the Court properly sustained appellee's plea of res adjudicata. Since the Court properly refused to entertain jurisdiction of the action, it follows that he did not err in refusing to declare the rights of the parties to the Larue County real estate.

Appellee has cross-appealed from the judgment because the Court refused to make an allowance to her attorneys and tax it as costs against appellant. We are constrained to uphold her contention in this respect. KRS 453.120 provides:

"In actions for alimony and divorce, the husband shall pay the costs of each party, unless it appears in the action that the wife is in fault and has ample estate to pay the costs."

In construing this section of the Statutes, this Court repeatedly has held that, in all suits for divorce or alimony, the husband is liable for the payment of the costs of the wife, including a reasonable attorney's fee, unless it appears in the record (1) that the wife is in fault, and (2) that she has ample estate to pay the costs. Neither alone is sufficient to exempt the husband from the liability imposed by the Statute. Wills v. Wills, 168 Ky. 35, 181 S. W. 619 and cases therein cited; and Hamilton v. Hamilton, 298 Ky. 447, 183 S. W. 2d 36. Neither element of exemption has been made to appear in this action; therefore the Court should have made a reasonable allowance to appellee's attorneys and taxed it as costs against appellant.

The judgment is affirmed on the original appeal, and reversed on the cross-appeal, with directions that

a supplemental judgment be entered fixing a reasonable fee for appellee's attorneys of record and adjudging that it be paid by appellant.