# Noel v. Noel et al.

June 14, 1949.

Haynes Carter for appellant.

Robert Hubbard for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

This is the fifth appeal within twenty months from judgments entered in actions between the parties instituted in the Clark, Larue, and Jefferson Circuit Courts. A history of the litigation may be found in the former appeals all of which are styled Noel v. Noel, and each of which respectively is published in: 307 Ky. 122, 210 S. W. 2d 137, (Clark County); 307 Ky. 128, 210 S. W. 2d 140, (Larue County); 307 Ky. 132, 210 S. W. 2d 142, (Jefferson County); and, — Ky. —, — S. W. 2d —, (Larue County). The judgment appealed from the Jefferson Circuit Court, supra (307 Ky. 132, 210 S. W .2d 144), was reversed on the cross appeal, "with directions that a supplemental judgment be entered fixing a reasonable fee for appellee's attorneys of record and adjudging that it be paid by appellant."

On return of the case these directions were followed, resulting in a judgment in favor of appellees, Honorable Robert Hubbard and Honorable Rodney Haggard, attorneys for appellee, Hattie Baber Noel, in the sum of $500. The reasonableness of the amount of the fee is the only question before us on this appeal.

Appellees, on behalf of their client, have successfully defended this action upon every point and from every aspect. The action plainly was an endeavor on the part of appellant to bypass the judgments of the Clark and Larue Circuit Courts and to have determined in his favor matters which had been adjudicated, or which should have been adjudicated, in one or the other of those actions. Not only was it necessary for Messrs.

Hubbard and Haggard to sustain their plea in abatement, defense of res adjudicata, plea to the jurisdiction of the Court, and their contention that appellant was legally liable for the payment of their fee, but they were also required to prepare their defense in respect to the merits of the case should the Court overrule the special defenses. After succeeding in the Lower Court, it was necessary for them to respond on behalf of their client and themselves to the appeal filed in this Court, which they did successfully and in pursuance of which they filed an exhaustive brief. On return of the case they prepared affidavits in support of their contention that the amount allowed was a reasonable attorney's fee and now are required to uphold that contention in this Court. Appellee Hubbard has filed his affidavit setting forth the steps taken and work done by him and his associate as a basis for the amount allowed, and, in support of his contention, has filed the affidavits of Honorable Edward A. Dodd and Honorable Brent C. Overstreet, highly respected and well known attorneys of Louisville. The former stated that in his opinion a fee in the sum of not less than $500 nor more than $750 would be reasonable, and the latter placed the minimum at $600 and the maximum at $750. The only counter affidavit filed is that of appellant himself, who is not a lawyer. This affidavit amounts to no more than a claim that he should not be required to pay any fee to his wife's attorneys, but which matter was determined by, and became the law of the case upon, this Court's decision on the former appeal.

We think the allowance to have been extremely liberal, but it is supported by the affidavits of three attorneys and the judgment of the Chancellor. Appellant has failed to secure, or at least has failed to file, any affidavit expressing an opinion that the fee contended for and allowed is excessive. Under the circumstances we are constrained to uphold the award made by the Chancellor.