## ECKHOFF v. ECKHOFF.

Court of Appeals of Kentucky.
Dec. 21, 1951.

Rehearing Denied April 18, 1952.

Crawford, Jull & Gentry and Louis H. Jull, all of Louisville, for appellant.

M. Joseph Schmitt, Louisville, for appellee.

CAMMACK, Chief Justice.

Howard and Ethel Eckhoff were married in 1930. They have lived in Louisville since 1936. Mr. Eckhoff filed an action for divorce in January, 1949, on the grounds of cruel and inhuman treatment. Mrs. Eckhoff asked for a divorce from bed and board. Each party sought custody of the two children, Joseph, now 17 and Emily, now 10.

The chancellor granted Mrs. Eckhoff a divorce from bed and board, custody of the girl and $15.00 a week for maintenance for the girl and $10.00 a week as alimony for herself. Mr. Eckhoff was awarded the boy's custody. Mrs. Eckhoff was also awarded $3150 as her interest in a home which had been purchased in 1941, the title to which was in both parties jointly.

On his appeal Mr. Eckhoff insists that he should have been awarded a divorce; that he should have been given custody of both children; and that Mrs. Eckhoff was not entitled to an interest in the property. On her cross-appeal Mrs. Eckhoff asks that the part of the judgment allowing her a divorce from bed and board, custody of the daughter and $15.00 per week for her maintenance be affirmed; that she be allowed a larger sum than $10.00 per week as alimony; and $6500 plus dower as her interest in the real estate.

We think Mr. Eckhoff should have been granted a divorce. He holds a good position with a paint concern as a traveling salesman. He has provided well for his family and it is from his monthly contribution to their support ($250.00) that payments have been made on the house. We find nothing in the record reflecting on the moral integrity of either party. There has

been much unpleasantness in the Eckhoff home. Unfortunately, Mrs. Eckhoff's health has been impaired for many years, due, in all probability, to several major operations. On occasion she would leave her home. Not infrequently she used abusive language to her children. The son took the side of his father. The daughter did not testify. It would be futile to expect the Eckhoffs to live together as man and wife. Our review of the evidence convinces us that a divorce should have been granted to the husband, and we so direct. Authority for this procedure is found in Swartz v. Caudill, 279 Ky. 206, 130 S.W.2d 80, at page 82, and Moore v. Moore, Ky., 238 S.W.2d 999.

Unquestionably, the custody of the son should be given to the father. On the other hand, we think the custody of the daughter should be left for the present with Mrs. Eckhoff, even though she is maintaining her home with relatives in Cincinnati. We reach this conclusion primarily because Mr. Eckhoff's business takes him away from home most of the time and because of the fact that the son, who so definitely took the side of his father, is seven years older than the girl. Mrs. Eckhoff should be given an opportunity to make a home for her young daughter. For this reason we are allowing her the sum of $100 per month for maintenance of the child.

Mrs. Eckhoff is not entitled to alimony, because we are directing that Mr. Eckhoff be granted a divorce. Humphress v. Humphress, Ky., 240 S.W.2d 625.

Even if the chancellor had properly granted Mrs. Eckhoff a divorce from bed and board, it would have been error to award her an interest in the property. Section 425, Civil Code of Practice. Noel v. Noel, 307 Ky. 122, 210 S.W.2d 137. We find no basis for awarding Mrs. Eckhoff any interest in the property. It is true the title was taken jointly by the husband and wife, but, as indicated above, it was from Mr. Eckhoff's earnings that payments were made on it. Such interest as Mrs. Eckhoff may have held in the property by virtue of the joint ownership came as the result of the marital relation. Therefore, under KRS 403.060(2), the property should be restored to Mr. Eckhoff.

The judgment is reversed on the appeal, with directions to set it aside, and for the entry of a judgment consistent with this opinion. On the cross-appeal the judgment is affirmed, with the exception of the increase in the allowance to Mrs. Eckhoff for the maintenance of her daughter to $100 a month.