**Mary WAITS, Appellant,**

v.

**Robert O. WAITS, Appellee.**

Court of Appeals of Kentucky.

March 25, 1955.

**6**

D. E. Wooldridge, LaGrange, for appellant.

James A. Hall, LaGrange, for appellee.

WADDILL, Commissioner.

On April 17, 1953, Robert Waits sued Mary Waits for divorce on the ground of cruel and inhuman treatment. He also asked for a restoration of his property under KRS 403.060(2). Mrs. Waits filed an answer denying the averments of the petition, and by counterclaim sought maintenance, alimony, and a settlement of all their property rights. The Chancellor granted a divorce to Mr. Waits; awarded Mrs. Waits alimony in the sum of $500; and settled their property rights in the manner hereinafter related. Mrs. Waits has appealed and complains that the allowance of alimony is inadequate, and also that the Chancellor erred in adjusting their property rights. Mr. Waits has cross-appealed claiming that the Chancellor erred in awarding Mrs. Waits alimony.

At the time of their marriage in 1925, neither of these parties owned any property. By 1943, they had reared six children, and had saved $750 from Mr. Waits' earnings, which they applied on the purchase price of a house they bought for $1,750.

Their domestic trouble began shortly after Mr. Waits accepted a position with the City of LaGrange as a police officer in October, 1952. It would serve no useful purpose to detail the evidence concerning the unpleasant relations these parties have undergone in an attempt to live together, but it is sufficient to say that although there was no charge of moral delinquency on the part of Mrs. Waits, the evidence was ample to support the Chancellor's decree granting Mr. Waits a divorce.

The house and lot was purchased by Mr. Waits in 1943 for the sum of $1,750. He made an initial payment of $750 and borrowed $1,000 from a bank which remains unpaid. The property was deeded jointly to Mr. and Mrs. Waits, with a survivorship clause.

The Chancellor found that Mr. Waits had paid the consideration for the house and adjudged it to him as required by KRS 403.060(2). It is urged by Mrs. Waits that this was error since she had faithfully performed her duties as a housewife and had thereby helped save the money that was paid on the purchase of the property. The facts in Duke v. Duke,

198 Ky. 173, 248 S.W. 500, are very similar to the facts in this case, and in that case the court ordered a restoration of the realty to the husband. We think that case is controlling here. Also, see: Eckhoff v. Eckhoff, Ky., 247 S.W.2d 374; Noel v. Noel, 307 Ky. 122, 210 S.W.2d 137.

 Mrs. Waits contends that the allowance of alimony in the sum of $500 is wholly inadequate. The evidence shows that Mr. Waits receives a monthly salary of $160. The only real estate he owns is the house he purchased in 1943, which is now valued at $4,500. He owns an automobile which he uses in performing his duties as a policeman. His debts consist of $1,000 which was used to finance the purchase of his home. He must pay the cost of this litigation which will exceed $700 and a fee to his attorney. Mrs. Waits is presently employed as an attendant at a hospital at Lakeland and earns $107 a month. She was awarded substantially all the personal property that had been accumulated during her marriage. While we realize the allowance was small, in view of the circumstances we are unable to say that the Chancellor erred.

Mr. Waits insists that inasmuch as he was granted the divorce, Mrs. Waits was not entitled to alimony. The general rule is that permanent alimony will not be awarded to a wife when her husband is granted a divorce because of her fault or misconduct. Humphress v. Humphress, Ky., 240 S.W.2d 625; Toomey v. Toomey, Ky., 237 S.W.2d 533; Damron v. Damron, 301 Ky. 649, 192 S.W.2d 473. But there are a few recognized exceptions to this rule. For instance, where the ground for divorce is five years' separation it has been held that the wife may be entitled to alimony although the husband is granted the divorce. It has also been held that if the wife is not wholly at fault and is not guilty of any moral delinquency she may be entitled to alimony although a divorce is granted to the husband. Muth v. Muth, 314 Ky. 531, 236 S.W.2d 469; Luke v. Luke, 276 Ky. 683, 125 S.W.2d 251; Sharp v. Sharp, 302 Ky. 426, 194 S.W.2d 835.

We think this case falls within the last exception. Coleman v. Coleman, Ky., 269 S.W.2d 730.

Mrs. Waits' attorney was allowed $150, which she seeks to have increased. Considering the small estate of Mr. Waits, and the costs incurred in this action which he is compelled to pay, in addition to his own attorney's fee, we think the fee allowed was sufficient under the circumstances.

In view of all the facts, we are of the opinion that the Chancellor made an equitable disposition of all matters involved in this case.

Judgment affirmed.